UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                            Case No. 08-CR-157

EDWARD WEST,

    Defendant.

ORDER ADOPTING SECOND RECOMMENDATION (DOC. # 42) AND DENYING
DEFENDANT'S MOTION TO SUPPRESS STATEMENTS (DOCS. # 11, 39)

On March 30, 2009, Magistrate Judge Aaron E. Goodstein issued a recommendation that defendant Edward West's motion to suppress lineup be granted on the ground that the lineup was conducted in violation of the Sixth Amendment right to counsel. Judge Goodstein further recommended that West's motion to suppress statements be denied. Both parties filed objections to the first recommendation, and Judge Goodstein issued a second recommendation at the court's request based upon a recent Supreme Court decision, *Corley v. United States*, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009). This court conducted an evidentiary hearing on June 15, 2009, at which time it adopted, in part, the magistrate judge's first recommendation and granted West's motion to suppress the lineup identification. However, the court allowed additional briefing respecting the objections to the recommendation regarding West's motion to suppress statements. For the reasons set forth below, the court will adopt the magistrate judge's second recommendation and deny West's motion to suppress statements.

Briefly, West was arrested by Milwaukee police officers at 6:35 p.m. on May 24, 2008, and gave his first statement at 10:56 p.m. that evening. The following afternoon,

at 12:15 p.m., West gave additional statements to Milwaukee police officers. A state Circuit Court Commissioner signed a "Probable Cause Statement and Judicial Determination" form on May 26, 2008, and West appeared in a lineup on May 27, 2008. West did not appear before the magistrate judge until May 29, 2008, at 11:48 a.m.

Consistent with the Fourth Amendment's requirement that a defendant receive a judicial determination of probable cause promptly after arrest or detention, Rule 5(a) of the Federal Rules of Criminal Procedure requires that a person arrested on a federal charge be presented to a magistrate judge "without unnecessary delay." A voluntary confession made within six hours of arrest remains admissible even given a delay. 18 U.S.C. § 3501(c). On the other hand, a voluntary confession made after the six-hour safe-harbor period may be inadmissible as a Rule 5(a) violation and pursuant to *McNabb v. United States*, 318 U.S. 332, 344-47 (1943), and *Mallory v. United States*, 354 U.S. 449, 455-56 (1957). *Corley v. United States*, 129 S. Ct. 1558, 1571 (2009) (holding that § 3501 did not supplant McNabb-Mallory and that "[i]f the confession occurred before presentment and beyond six hours ... the court must decide whether delaying that long was unreasonable or unnecessary under the McNabb-Mallory cases").

Time spent in state custody does not count toward § 3501(c)'s six-hour limitation. *United States v. Kirkland*, 2009 WL 1508883 (7th Cir. June 1, 2009); *United States v. Carter*, 910 F.2d 1524, 1528 (7th Cir. 1990). To suppress a statement in a federal prosecution based on excessive time spent in state custody, the defendant must establish a clear "working arrangement between federal agents and state or local officials." *Id.* It is not enough to provide a "bare suspicion" of such a working arrangement. *United States v. Gaines*, 555 F.2d 618, 622 (7th Cir.1977). Instead, the defendant must "show that state

2

custody was 'designingly utilized' to circumvent Rule 5(a)." *Id.* at 625 (quoting *United States v. Chadwick*, 415 F.2d 167, 171 (10th Cir.1969)); see also *Carter*, 910 F.2d at 1528.

Judge Goodstein focused solely on West's second statement, which came 18 hours after he was arrested, and before the state court commissioner issued a probable cause determination for the state offense of robbery. It was the conclusion of Judge Goodstein that West was in state custody when he gave the statement, and that suspicion or even some communication on the part of the police that the matter would be referred to the federal prosecutors was not enough to find that § 3501(c) would be applicable.

After the evidentiary hearing during which FBI Agent Benjamin Hruz testified, the court allowed the parties to supplement their briefing. The United States Attorney's Office provided a letter in response to a request from West regarding the names of any United States attorneys who communicated with state or federal law enforcement agents between May 22, 2008, and May 25, 2008, regarding West's arrest and whether to prosecute him federally. However, no attorneys from the U.S. Attorney's Office had communicated with federal or state law enforcement officers concerning West during that time period. Indeed, the West matter was first referred to the U.S. Attorney's Office on May 28, 2008.

West acknowledges that there is no direct evidence that federal law enforcement directed state law enforcement to hold him in state custody to delay presentment before a federal magistrate. Moreover, he cites nothing more than the testimony of FBI Agent Hruz who was contacted after the May 12, 2008, robbery, and was conducting his own investigation. West maintains that it would be reasonable to presume that Hruz, who is frequently contacted when a robbery occurs, regardless of where it will

3

be prosecuted, would have been invited to participate in the interviews had he not been on vacation. This, according to West, is confirmed because Hruz was present for the May 27, 2008, lineup. Nevertheless, it is undisputed that Hruz did not participate in either interview or the probable cause determination. Further, Hruz testified that he did not advise the local police or otherwise instruct them that they would be acting as his agent, and that he did not contact the United States Attorney's Office regarding West before May 28, 2008.

West suggests that one may assume that local law enforcement had reason to believe that West would be charged in federal court in light of Milwaukee Police Department Detective Ralph Spano's knowledge that West had been convicted previously of a bank robbery and that Hruz was conducting such an investigation. Absent something beyond these assumptions and suspicions, the court finds that West has not met his burden of demonstrating that state and federal official improperly collaborated to circumvent Rule 5(a). Now, therefore,

IT IS ORDERED that the magistrate judge's second recommendation is adopted.

IT IS FURTHER ORDERED that defendant's motion to suppress statements on the basis that the statement was given more than six-hours after his arrest is denied.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

4