UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 08-cr-157-pp

EDWARD WAYNE WEST,

    Defendant.

---

**ORDER DENYING DEFENDANT'S LETTER MOTION TO CLARIFY PAYMENT OF RESTITUTION (DKT. NO. 126)**

---

On January 28, 2010, Judge Charles N. Clevert, Jr. sentenced the defendant; the sentence included a special assessment of $300 and restitution in the amount of $13,470.25. Dkt. No. 72 at 5. Judge Clevert ordered the defendant to pay the "[l]ump sum payment of $300.00 for the Special Assessment" "immediately," but indicated that if the defendant could not pay the full amount immediately, he had to pay it by participating in the Bureau of Prisons' Inmate Financial Responsibility Program. Id. at 6. Judge Clevert did not impose a payment schedule, or specify a minimum or maximum amount that the BOP could deduct from the defendant's account under the IFRP. He noted only that the BOP should first apply payments to the special assessment, and then to the restitution. Id.

On July 15, 2019—nine and a half years after Judge Clevert issued the judgment—the court received a "petition" from the defendant (who is

1

representing himself). Dkt. No. 126. The defendant alleges that the BOP is deducting arbitrary, variable amounts from his account for his restitution payments. Dkt. No. 126. He says that he has readily participated in the IFRP, but he says that the changing payment amounts (which he says occur based on facility placement and at the "whims" of the prison staff) have caused financial problems for his family, who give him money to help support him while he's incarcerated. Id. at 1. He asks the court to issue an order limiting the BOP to deducting minimum and maximum percentages of "the funds that he receives on a 'quarterly' bases.'" Id. at 2.

The IFRP, instituted under 28 C.F.R. §545.10-11, helps inmates to develop a financial plan for meeting their imposed financial obligations. 28 C.F.R. §545.10. That regulation sets procedures that the BOP follows in setting the terms for repayment that an inmate will be held to. See 28 U.S.C. §545.11. The administration of this program is within the purview of the BOP:

> Courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side). Prisoners dissatisfied with a warden's administration of the Inmate Financial Responsibility Program may appeal within the Bureau of Prisons, see 28 C.F.R. § 545.11(d), and may be able to obtain judicial review of the Bureau's final decision under the Administrative Procedure Act. 5 U.S.C. §702.

United States v. Sawyer, 521 F.3d 792, 794 (7th Cir. 2008). This court does not have the authority to intervene in how the BOP administers the IFRP. United States v. Vasquez, 333 F.App'x 125 (7th Cir. 2009). The defendant may have administrative remedies available to him to remedy his concerns, but he must address those through the BOP.

The court **ORDERS** that the defendant's letter motion to set a payment schedule is **DENIED.** Dkt. No. 126.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**